**ORIGINAL**

NAME **Ignacio Gonzales.**

PRISON NUMBER **CDC No E-26385  C-4 121**

CURRENT ADDRESS OR PLACE OF CONFINEMENT **Ironwood State Prison**
**P.O. Box 2199. Blythe Ca**
**92226**
CITY, STATE, ZIP CODE

| 2254 ✓ 1983 | |
|---|---|
| FILING FEE PAID | |
| Yes ___ No ___ | |
| IFP MOTION FILED | |
| Yes ___ No ___ | |
| COPIES SENT TO | |
| Court ✓ ProSe ___ | |

**FILED**

NOV 19 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**Ignacio Gonzales**
(FULL NAME OF PETITIONER)

. **PETITIONER**

v.

**D. Ollison, warden et. al.**
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

The Attorney General of the State of
California, Additional Respondent.

**'07 CV 2214   LAB AJB**

Civil No. _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   **ISP. Diciplinary Board**

2. Date of judgment of conviction: **7-3- 2005**

3. Trial court case number of the judgment of conviction being challenged: **CDC-115.**
   **Log No # C05-06-0661**

4. Length of sentence: **30 days of good credit and the CDC violation**
   **note in petitioners C-File**

CIV 68 (Rev. Dec. 1998)                                                     K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: Gimibl Conviction Aug-3, 1989 Elegible for Parol Aug. 3, 2000

6. Offense(s) for which you were convicted or pleaded guilty (all counts): CDC violation ccR 3005(a) Conduct which could lead to violence

7. What was your plea? (CHECK ONE)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury        ☐   Diciplinary board
   (b) Judge only  ☐

9. Did you testify at the trial?
   ☒ Yes  ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: Affirmed
    (b) Date of result, case number and citation, if known: Feb. 21, 2007 Case No E042300 (Super Ct. No. INC58258)
    (c) Grounds raised on direct appeal: Diciplinary Board failed to Show "Some Evidence"

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: Affirmed
    (b) Date of result, case number and citation, if known: _____

    (c) Grounds raised: Diciplinary Board failed to Show "Some Evidence"

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:

    (a) Result: _____ N/A _____

    (b) Date of result, case number and citation, if known: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
    ☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:

    (a) <u>California Superior Court</u> Case Number: _____

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
    ☐ Yes  ☒ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number:_____

    (b) Nature of proceeding: _____

       _____

    (c) Grounds raised: _____

       _____

       _____

       _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number:_____

    (b) Nature of proceeding: _____

       _____

    (c) Grounds raised: _____

       _____

       _____

       _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

       ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result: _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

This claim was exausted due to the procedures of state courts.

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
       (i) What was the prior case number? _____
       (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
       (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
            ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
            ☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE** The disciplinary finding of guilt must be reversed and remove from the central File because it was not based on sufficient and credible evidence as required by Due Process

Supporting FACTS (state *briefly* without citing cases or law) _____

I/M Gonzalez was found guilty of Conduct Which Could Lead to Violence. On May 29, 2005, an incident that involved numerous inmates in a fight took place at "C" yard, in Ironwood State Prison. I/M Gonzalez pleaded not guilty, however he was found guilty not with concrete evidence but only with "reasonable believe" that Gonzalez was actively involved in advancing toward or participating in the incident. This finding is in violation of due process which requires proof and not believes of facts.

Did you raise GROUND ONE in the California Supreme Court?
☒ Yes ☐ No.

(b) **GROUND TWO:** _____

_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise GROUND TWO in the California Supreme Court?
☐ Yes ☐ No.

(c) **GROUND THREE**: _____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise **GROUND THREE** in the California Supreme Court?

☐ Yes ☐ No.

(d) GROUND FOUR: _____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise GROUND FOUR in the California Supreme Court?

☐ Yes ☐ No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: _____

    (b) Case Number: _____

    (c) Date action filed: _____

    (d) Nature of proceeding: _____

    _____

    (e) Grounds raised: _____

    _____

    _____

    _____

    _____

    (f) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing: _____

    _____

    (b) At arraignment and plea: _____

    _____

    (c) At trial: _____

    _____

    (d) At sentencing: _____

    _____

    (e) On appeal: _____

    (f) In any post-conviction proceeding: _____

    _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____

    _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☒ Yes  ☐ No

    (a) If so, give name and location of court that imposed sentence to be served in the future: I'm sentence to life with possibility of Parol

    (b) Give date and length of the future sentence: same of criminal.

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes  ☒ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
November 15, 2007

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

November 15, 2007          x Ignacio Gonzalez
(DATE)                        SIGNATURE OF PETITIONER

# INTRODUCTION.

This claim is about a man who had 15 years in prison — when the CDC 115 was issued — and that since his encarcelation he has mantained a clean record of conduct and that has achieved many positive certifications and diplomas — as Anger Management Diploma, Conflicts and Resolutions Certificate, Child Growth and Development and Parenting Certificate, The Way to Happines Diploma, Braking Barriers Certificate, Alcoholics Anonymous and Narcotics Anonymous Certificates, and GED, ESL, AB I, AB II and AB III Certificates — which show that he is an inmate who has obtain a good rehabilitation progress and that despites his clean record in prison and his positive programing. he was found guilty by the Ironwood state Prison SHO of a serious misconduct violation charge without proves to supports the alleged claim against him. Petitioner's habeas corpus claim should be granted to cure the unfair black mark put in his file which is depriving him of his release from prison due to the false character of violence that the charge portrays against him.

# STATEMENT OF THE CASE

1  On Sunday, May 29, 2005, a fight involving numerous
2  Inmates of "C" yard at Ironwood State Prison took
3  place. (CDC 115, Rules Violation Report filed on May 29,
   2005). Petitioner was charged with being part of the
4  disruptive incident and consequently was found guilty
5  of the charge of Conduct Which Could Lead to
   Violence, by the SHO of Ironwood State Prison on
6  July 3, 2005. (see Rules Violation Report, Part C part 3)
7  Petitioner appealed the decision, on July 11, 2005,
8  via 602. Informal Level and First Level of Appeal
   were bypassed.   Second Level of Appeal denied the
9  602 claim on August 30, 2005.   On September
10 7, 2005, Petitioner submitted his claim to the
   Director Level of Appeal which denied this appeal
11 on March 8, 2006.  Petitioner raised this claim
12 via Habeas Corpus at the Superior Court of California,
13 County of Riverside which denied the claim on
14 April 25, 2006.  Subsequently, he appealed to
   the court of Appeal of the State of California,
15 Fourth District, Division Two which denied
16 the habeas Corpus on Febrery 21, 2007.
17 Finally, the claim was raised on the California
18 Supreme Court which denied the Claim on
19 June 20, 2007. Under No. S152939
20
21
22
23
24
25
26
27
28

## STATEMEN OF FACTS

On Sunday, May 29, 2005, at about 1338 hours, during a soccer match two or three inmates started fighting; this was observed by officer H. Gaskill 'C' yard officer #2 who via radio announced to the yard observation officer to put the yard down. (Crime Incident Report, part A1- Supplement, CDC 837-A1 (09/03) p.2)

The rest of the statement of fact is based on c/o Johny Lopez who was the accuser witness.

c/o Lopez described that on Sunday at approximately 1338 hours while working Charlie yard #7, he was in building one delivering 101 when he heard someone over the radio tell the yard observant to put the yard down. "Fight on the soccer yard" He exited building one running towards the incident on the North side of the yard. Lopez saw six Inmates to his left side, later identified as Inmates Bravo, Contreras, Antonio, Gomez, Covarrubias, and Gonzalez (Petitioner), get up of the 'A' side wall of building 2 and start running along side of he, towards the incident. While running he ordered the six Inmates to get down and stop running. All six Inmates ignored his orders and continued to run towards the incident. c/o Lopez after joined up with skirmish-line that was already set up with officers Gaskill, Zamora, and Megill, and after the incident was under control, he proceeded to flex cuff and escorted Inmates Gomez, Antonio, Tinajero, Servin, Lanza, Loza, Alvarado, Oropeza, Martinez Renteria, Gonzalez and Hernandez to Charlie Medical for 7219 Medical Evaluation.

I/M Gonzales was taken to SHO hearing and found guilty of Conduct Which Could Lead To Violence, based on the report of C/O Lopez and the finding of petitioner near the incident area.

The SHO found reasonable to believe that petitioner was actively involved in advancing toward or participating in the incident. No staff member specifically saw Inmate Gonsales strike another Inmate or participate in a rout or riot. The SHO found that the charge of conduct which could lead to violence is appropriate as [Petitioner] chose not to vacate the area when the riot erupted. (Rules Violention Report part C)

I

1  Petitioner Was Deprived Of His Right Of Due
2  Process When He Was Found Guilty Of A Charged
3  Violence Misconduct Without Evidence To Support
   The Claim Against Him.
4

5      Due process requires that no person be made to
6  suffer the onus of a criminal conviction except
   upon sufficient proof defined as evidence necessary
7  to convince a trier of fact beyond reasonable doubt
8  of the existence of every element of the offense
9  see Jackson v. Virginia, 443 U.S. 307 (U.S. Va
   1979)
10     Despite the well settle rule described above,
11 Petitioner was found guilty by the Ironwood State
12 Prison Disciplinary Board (SHO - Senior Hearing
   Officer) of "conduct which could lead to
13 violence", with no evidence to support the
14 charge.

15     ISP wrongly found that Petitioner could be
16 charged with "Conduct Which Could Lead To
17 Violence" without evidence of him participating in the
18 riot, argumentating tha the charge against [Petiti-
19 oner] was appropiated as [Petitioner] chose to not
   vacate the area when the riot erupted, and with a
20 vague accusation against him made by Corre-
21 ctional Officer Johny Lopez (see Rules Viola-
22 tion Report Part "C" p. 3) unsupported by
   c/o Johny Lopez's previous statement (see Crime/
23 Incident Report Part "C", Staff Report, CDC
24 837 - "C", Report of Johny Lopez, 5/29/05) and
25 unsupported by the diagram presented by the
   c/o R. Hefner (Exh. "B" of 602 Inmate Parole
26 Appeal Form; ISP "C" Facility, Incident Diagram)
27
28

## 1) THE SHO WRONGS FACT FUNDINGS, AND APPLICATION OF CRITERIA.

a) The SHO found that [Petitioner] was guilty — by preponderance of evidence — of violating CCR. Section 3005 (a), Conduct a serious division "F" offense for the specific charge of "COUNDUCT WHICH COULD LEAD TO VIOLENCE

The SHO used as factors to support the conviction the report made by Correctional Officer J. Lopez who observed and reported that on May 29, 2005 at about 1338 hrs, as [he] responded to a fight on the recreational yard, [he] observed [Petitioner], CDC# E-26385 and numerous other hispanic inmates on the yard running to the area of fight, (Rules Violation Report, Part-C (07-3-05) p. 2). The SHO stated in its report that [C/o Lopez] ordered Inmate(s) to get down and that the inmate(s) continued to run towards the area of the fight. (Id)

The SHO also states that [Petitioner] was identified as being in the area of the fight, was placed in handcuffs, and was listed on the incident diagram as #11. (Id)

The SHO refered to the CDC 837 Log# ISP-FCY-05-06-0107 which contains a 837 Part-C authored by C/o Keorle, the report — accordingly with the SHO — reflects [Petitioner's position on the yard as number 11 on the schematic placing [Petitioner] in the immadiate area where the inmates were observed fighting. (Rules Violation Report, Part C p. 3).

## ARGUMENT

1   The SHO, finding Petitioner in the area of the
2 fight, is not proof that Petitioner was involved in
3 participating in advancing towards or participa-
4 ting in the incident.

5      Petitioner never denied been there when the
6 fight started. He clearly stated that "he was just
7 watching the soccer game. When the incident
8 happened [Petitioner] went down." (Rules Violation
9 Report, Part-C p 2, Defendant's Plea and Sta-
tement.)

10      Also, the CDC 837 Log # ISP-FCY-05-
11 06-0107 which contains a 837 Part C, authored
12 by C/o C. Kebrle, rather than supports c/o
13 Lopez report, supports Petitioner's recount of
14 the event.   C/o Lopez stated in his report that
15 when he exited the building one running towards
16 the incident, he saw six inmates to his left side,
17 later identified as Inmates Bravo, Contreras, Anto-
18 nio, Gomez, covarrubias and Gonzalez, get up
19 of the "A" side wall of building 2 and start
20 running towards the Incident. (Incident Crime Report
21 of Lopez Johnny)  However, Petitioner's position in
22 the diagram is not close to the other inmates
23 mentionated by the c/o Lopez, numbered on Ke-
24 brle's incident diagram as (5),(6),(7),(8) and (9).
25 This fact supports Petitioner's statement that he was
26 there even before the incident occurred. In add-
27 ition, The SHO recognized in its report that no
28 staff member specifically saw [Petitioner] strike
another inmate or participate in a rout or riot.
And Further, the Medical Report reaffirms Petit-
oner's statement that he did not participate in
any way. The report reflects no injuries were
found in petitioner's body. (Rules Violation Report

Part C p. 3)

(b) Charging Petitioner With "Conduct Which Could Lead To Violence" Because Petitioner Chose To No Vacate The Area When The Riot Erupted IS A Criteria Contrary To What The CDC Inmate Orientation Manual Orders To Inmates.

The Rules Violation Report - Part "C" p. 3. states that the factor used by the SHO to find Petitioner guilty of the charge was that "[Petitioner] chose to not vacate the area when the riot erupted, and that Petitioner was found to be on the yard when the fight erupted."

As previous stated in part "a", Petitioner's presence on the yard is not proof that he was a participant in the riot, and the fact used to find Petitioner guilty (Petitioner chose to not vacate the area when the riot erupted) is contrary to what the prison orders inmates to do when the alarm sounds.

Inmate Orientation Manual of I SP, Section 3 - Emergency Alarms/Shooting Policy, Part B "Recreational Yard" states that when the alarm sounds, a whistle is blown, or if ordered by staff, the inmates shall immediately assume a sitting position. Petitioner stated in his Defendant's Plea and Statement that when the incident happened he when down. (Rules Violation Report - Part "C" p. 2)

Thus, is ridiculous to charge Petitioner with any misconduct using as a fact a factor that is contrary to what the prison's instructions

4

1  instructs inmates to do when the alarm sounds.

2

3      Further, the Inmate Orientation Manual clearly
states that if the inmates fails to addere to these
4  procedures (Immediately cease any and all move-
5  ment/activities until staff clears the alarm)
6  shall be perceived as involved in the incident it-
self, acting to cause a distraction/diversion, or
7  otherwise acting to disrupt emergency operations
8  by either verbal statements or physical move-
ments/action and shall be subject to diciplinary
9  action. (Inmates Orientation Manual from ISP
10  pp 9-14)

11

12      Therefore because Petitioner was not supposed to
vacate the area but to go down as the prison
13  instructs inmates to do, (as petitioner did) the
14  fact used by the SHO, which was the main
factor used to find Petitioner guilty of miscon-
15  duct, is contrary to ISP rules, and is unrea-
16  sonable application of criteria, further, it does
17  not satisfied the requirements required by Due
Process to convince a trier of fact beyond rea-
18  sonable doubt of the existence of every element
19  of the offense.

20

21      CONCLUSION

22  For the reasons stated above, Petitioner respectfully
23  request this court to issue an Order to Show Cause
24  so petitioner can have the oportunity to debate
his claim and clean his prison record.
25

26                              Respectfully Submitted
27  Date: 11/15/2007
                                 Ignacio Gonzalez
28

5

Exhibit "A"

Inmate Appeal CDC 602 and

CDC RVR 115

Log No:   C05-06-0061

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. ISP-C
2. _____

Log No.
1. 05-00793
2. _____

Category
1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME GONZALEZ Ignacio | NUMBER E-26385 | ASSIGNMENT OER VOCATIONAL | UNIT/ROOM NUMBER C4-107 |
|---|---|---|---|

**A. Describe Problem:** On July 3, 2005, I was found guilty of violating CCR Section 3005(a) Conduct, a serious division "F" offense for the specific charge of "Conduct Which Could Lead To Violence." This finding is in direct violation of my Due Process Rights in that the evidence submitted and considered in reaching a finding in fact **DOES NOT** substantiate the charge, nor do they support the factors for the following reasons: (A) Any investigation into misconduct must consist of an even-handed review of all the facts. For example you cannot review some facts and ignore other facts. This would be Ambiguous, Capricious, and Discriminatory. **(Continued on Supplemental Page)**

If you need more space, attach one additional sheet.

**B. Action Requested:** Due to the reasons provided in this appeal (i.e. reasons A,B,C,D,E and F) I am requesting that CDC-115, Log Number C05-06-0061, be dismissed in the interest of Justice and that ALL documentation pertinent to this CDC-115 be purged from my Central File immediately.

Inmate/Parolee Signature: _Ignacio Gonzalez_          Date Submitted: 07/11/05

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____



I. GONZALEZ    CDC# E-26385    HOUSING: C4-107

INMATE APPEAL SUPPLEMENTAL PAGE

Re: CDC-115, LOG #C05-06-0061

(B) On Rules Violation Report - Part C, Page 2 of 3, Continuation of Hearing, Log Number C05-06-0061, Dated 07-03-05, Correctional Lieutenant D.L. Pinson (SHO) stated in part under the **STAFF ASSISTANT** section, "SHO spoke slowly and used simple verbiage when the charges and due process were explained to inmate SOLIS. It is obvious that the SHO in fact DID NOT explain to me the charges nor my due process rights because I'm inmate GONZALEZ and NOT inmate SOLIS as stated by Correctional Lieutenant Pinson.

(C) As I stated in my Plea Statement "I was just watching the Soccer game. When the incident happened I got down." I was no where near housing unit C2 at the time of the incident. A soccer game consist of 11 players per team. Two teams make for 22 players on the field all running for the ball. With all the chaos associated with a soccer game, inmates fighting, inmates trying to break up the fight, responding staff, it is possible and even probable that Reporting Employee, J.G. Lopez mistakenly identified me as one of the inmates running from Unit C2 to the incident.

(D) On Page 2 of 3 Rules Violation Report - Part C under the FINDINGS Section (See High Lighted area) the SHO refers the the Reporting Employee as a SHE not once but three (3) times. Reporting Employee J. Lopez is in fact a male and not a female. It is obvious that the SHO was reviewing and utilizing documentation not relevant to my CDC-115 Hearing.

(E) CDC 837 Log# ISP-FCY-05-06-0107, which contains a Part C authored by Correctional Officer C. Kebrle which states that inmates fighting were on the grass area near the basketball court. The attached Incident Diagram has me identified as inmate number (11) which corroborates my Plea Statement that I was just watching the soccer game. Position Number (11) places me on the outer edge asphalt area of the basket ball court and not on the grass area where the incident took place.

(F) The CDC-7219 Medical Report indicate NO injuries. The SHO states that the charge of Conduct Which Could Lead to Violence is appropriate as GONZALEZ chose to not vacate the area when the riot erupted. Then the SHO goes on to state that Bravo's actions could have escalated the incident had staff not responded promptly. I am inmate GONZALEZ, not BRAVO nor SOLIS. My actions not to vacate the area were in direct response to direct orders issued by Yard Observation Officer TO GET DOWN!!!! I IMMEDIATELY GOT DOWN.

COPY OF 115/804 SENT TO RECORDS ON: _____ BY: _____
CCMS: _____ · GPL: _____

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| E-26385 | GONZALEZ | | | ISP FAC C | | 05-CK-006 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(a)   CONDUCT | CONDUCT WHICH COULD LEAD TO VIOLENCE | | C-YARD | 05-29-05 | 1338 |

CIRCUMSTANCES

On Sunday, May 29, 2005, at about 1338 hours, as I responded to a fight on the north end of the recreational yard, I observed Inmate Gonzalez CDC# E-26385 and numerous other Hispanic inmates from other areas of the yard running to the area of the fight requiring that an emergency code and additional staff be called to respond. I ordered Inmate Gonzalez to get down, Gonzalez continued to run towards the area of the fight. Gonzalez was identified as being in the area of the fight, was placed in handcuffs and was listed on the Incident Diagram as number 11. Inmate Gonzalez was also escorted to 'C' Facility Medical where a CDC 7219 Medical Report of Injury was completed. Inmate Gonzalez is not a participant in the Mental Health Services Delivery System at the CCCMS; EOP; MHCB, level of care. Inmate Gonzalez is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ J.G. Lopez, Correctional Officer | | 6/15/05 | 'C' Yard #1 | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ F. Olivas, Corr. Sergeant | 6-13-05 | DATE _____ n/c | LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | 9Vday D | 6/13/05 | L.H. _____ A. Cert. | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
| | ▶ | 6/1/05 | 1101 | 7219 & SCHEMATIC | |
| ☐ INCIDENT REPORT  LOG NUMBER: ISP-FCY-05-05-0107 | BY: (STAFF'S SIGNATURE)  ▶ | DATE 6/1/05 | TIME 1101 | BY: (STAFF'S SIGNATURE)  ▶ | DATE 6/1/05  TIME 1101 |

## HEARING PREPARATION:

This hearing convened Sunday, July 3, 2005, at approximately 2043 hours. I introduced myself to Inmate GONZALEZ as the Senior Hearing Officer for this disciplinary. Inmate GONZALEZ is not a participant in the Mental Health Services Delivery System at the CCCMS, EOP, MHCB, level of care. Inmate GONZALEZ stated that he was in good health with normal vision and hearing.

Inmate GONZALEZ acknowledged receipt of this CDC-115 Rules Violation Report and the following associated documents; CDC-115A; CDC-115, Part C; CDC-7219's, Medical Reports for Unusual Occurrence for Inmate GONZALEZ and all other inmates involved in the incident; The schematic drawing of all inmates on the yard during the incident and the CDC-837, Crime/Incident Report, ISP-FCY-05-05-0107, more than twenty four (24) hours prior to the start of the hearing.

These report(s) were reviewed with Inmate GONZALEZ in the hearing and he agreed that he understood the charge of CCR 3005(a), CONDUCT, for the specific act of "CONDUCT WHICH COULD LEAD TO VIOLENCE." Inmate GONZALEZ acknowledged he understood the charge, all the

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| D.L. PINSON, CORRECTIONAL LIEUTENANT | ▶ | 07-03  2005 | 2043  HOURS |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ L. OCHOA, "C" FACILITY CAPTAIN | 7/5/05 | ▶ E. FLAMER, (AW) | 7/5/05 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE)  ▶ | | DATE 7/6/05  TIME 0825 |
|---|---|---|---|

CDC 115 (7/88)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

ISP APPEALS JUL 13 2005

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __3__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-26385 | GONZALEZ | C05-06-0061 | 1SP-111 | 07-03-05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

documentation and was prepared to begin.

**DISTRICT ATTORNEY:**
This matter was NOT referred to the Riverside county District Attorney's Office for felony prosecution.

**DUE PROCESS TIME CONSTRAINTS:**
This disciplinary was served on inmate GONZALEZ within 15 days of discovery and the hearing was held within 30 days of service. Time constraints have been met. The SHO is not aware of any due process issues.

**STAFF ASSISTANT:**
Was not assigned a Staff Assistant per 3315(d)(2). Inmate GONZALEZ is not illiterate, claims a 5.0 GPL and has no TABE score. Inmate GONZALEZ can read and write English, and is English speaking. The issues are not complex, is not a participant in the Mental Health Services Delivery System, and did not require a confidential relationship in preparing his defense. SHO spoke slowly and used simple verbiage when the charges and due process were explained to inmate SOLIS. Inmate GONZALEZ was asked to read aloud his CDC-115 and explained to this SHO what he read with such competency as to satisfy this SHO that inmate GONZALEZ understood the charges against him and could proceed with the hearing.

**INVESTIGATIVE EMPLOYEE:**
Inmate GONZALEZ was not assigned an Investigative Employee per CCR 3315(d), the issues are not complex, the inmates housing status did not preclude his gathering evidence, and additional information was not necessary for a fair hearing.

**DEFENDANT'S PLEA & STATEMENT:**
Inmate GONZALEZ plead, **"NOT GUILTY."** Inmate GONZALEZ gave the following testimony as his defense: "I was just watching the soccer game. When the incident happened I got down."

**WITNESSES:**
Inmate GONZALEZ did not request witnesses to be present at the hearing.

**FINDINGS:**
Inmate GONZALEZ was found **"GUILTY"** of violating CCR Section 3005(a) CONDUCT, a serious division "F" offense for the specific charge of "CONDUCT WHICH COULD LEAD TO VIOLENCE." The preponderance of evidence submitted and considered in reaching a finding DOES substantiate the charge and supports the factors for the following reasons: (A) The CDC-115 by Correctional Officer J. Lopez who observed and reported that on May 29, 2005 at about 1338 hours as she responded to a fight on the recreational yard, she observed inmate GONZALEZ, CDC# E-26385, and numerous other Hispanic inmates on the yard running to area of fight requiring an emergency code and other staff response. She ordered inmate(s) to get down. Inmate(s) continued to run towards the area of the fight. Inmate GONZALEZ was identified as being in the area of the fight, was placed in handcuffs, and was listed on the incident diagram as #11. (B) The CDC 837 Log#1SP-FCY-05-06-0107 which contains a 837 Part C authored by C/O C.Kebrle which states that the inmates fighting were on the grass area near the basketball court. The

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| D.L. PINSON, CORRECTIONAL LIEUTENANT | 07-03-05 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 7/6/05 | |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE _3_ OF _3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-26385 | GONZALEZ | C05-06-0061 | ISP-111 | 07-03-05 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER_____

report reflects that Kebrle saw numerous inmates involved either trying to stop the fight or fighting themselves. All the inmates in the area then began fighting. Due to the magnitude of the incident, Officer Kebrle then used a 40mm Skat Shell Gas Round, firing one round on the ground near the altercation to quell the incident. Responding Staff formed a skirmish line and all inmates fighting assumed a prone position on the ground. The SHO finds that the report accurately reflects GONZALEZ'S position on the yard as number 11 on the schematic placing inmate GONZALEZ in the immediate area where the inmates were observed fighting. The SHO finds it reasonable to believe that GONZALEZ was actively involved in advancing toward or participating in the incident. Although no staff member specifically saw inmate GONZALEZ strike another inmate or participate in a rout or riot, the charge of CONDUCT WHICH COULD LEAD TO VIOLENCE is appropriate as GONZALEZ chose to not vacate the area when the riot erupted. BRAVO'S actions could have escalated the incident had staff not responded promptly. The SHO finds that the schematic accurately reflects GONZALEZ'S position on the yard.

**(C)** Inmate GONZALEZ'S statement at the hearing does not exonerate him of the charge as he is aware of the rules.

**(D)** The 7219 Medical Report of Unusual Occurrence for Inmate GONZALEZ'S which reflects no injuries.

**DISPOSITION:**
**Reduced to a DIV. F. OFFENSE** in keeping with the uniform sentencing.
**Assessed 30 days forfeiture of behavioral credits** consistent with a division "F" offense. Inmate GONZALEZ was informed that he will be eligible for credit restoration if he remained disciplinary free from 05/30/05 through 08/30/05 and that credit restoration would be denied if he receives an additional CDC-115 Rules Violation Report during the required disciplinary free period.
**Assessed 30 days loss of yard privileges** effective 07/03/05 through 08/03/05. Inmate GONZALEZ was informed that failure to comply with this order would result in a separate CDC-115 being issued.
Counseled and reprimanded regarding Conduct Which Could Lead To Violence.

**ADVISEMENT OF RIGHTS OF APPEAL:**
Inmate GONZALEZ was informed that the disposition of this Rules Violation Report would not become final until reviewed and approved by the Chief Disciplinary Officer and that upon final audit by the Chief Disciplinary Officer, he would receive his final copy of the completed CDC-115. Inmate GONZALEZ was advised of his rights and the correct procedure to appeal the findings of this hearing and that the first level of appeal has been eliminated on disciplinary issues.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| D.L. PINSON, CORRECTIONAL LIEUTENANT | | 07-03-05 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | C/O K | 7/6/05 | 0805 |

CDC 115-C (5/95)

OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-26385 | GONZALEZ | CCR 3005(a) | 05-29-05 | 1sp FAC C | Cos·06·00 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☐ YES  ☑ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | | |
| ☐ **I REVOKE** my request for postponement. | INMATE'S SIGNATURE ▶ | | DATE |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☐ NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

Cos 06 000-1

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

**INVESTIGATIVE REPORT:** Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |

Ignacio Gonzales  E-26385
Ironwood State Prison
P.O. Box 2199  C4-107
Blythe, CA.  92226

September 6, 2005

Director of Corrections
P.O. Box 942883
Sacramento, CA.  94283-0001

Attn: Chief, Inmate Appeals


Re:  Requesting Director's Review,  CDC-115 Log #C05-06-0061

    I am dissatisfied with the Second Level Response which is Arbitrary, Capricious, and Discriminatory to this writer in that all the facts were not considered, clearly revealing the reviewer's biases.  Any investigation into misconduct must consist of an even-handed review of all the facts, not just what the reviewer feels are pertinent in painting his interpretation/opinion of a picture.  Any conclusions to an investigation that has not first considered ALL THE FACTS can only be inconclusive and a perversion of the truth.  For the following reasons I am requesting that CDC-115 LOG #C05-06-0061 be dismissed in the interest of justice:

(a)  On page 2 of the Second Level Appeal Response Lt. Comstock interviewed C/O J. Lopez concerning the incident.  C/O Lopez stated in part that he did place flex-cuffs on inmate Gonzalez who was on the grass area by the middle of the basketball court.  However, per the attached schematic diagram of the incident, <u>my position is Number eleven (11) clearly placing me on the asphalt edge of the basketball court and not on the grass area.</u>

(b)  Continuing on page 2 of the Second Level Appeal Response, review of the RVR reflects that Officer Lopez clearly identifies me as running to the area of the fight, that I continued to run toward the fight and refused to get down.  It is my contention that C/O Lopez made a mistake by identifying me as one of the inmates running towards the fight.  Not only is it possible but highly probable that C/O Lopez made a mistake when you take into account the number of inmates and staff involved coupled with the chaos associated both in a soccer game and an all out riot.  <u>I further contend that at the time of this incident I was watching the soccer game from the asphalt area of the basketball court and was never in front of any housing unit nor was I running to the fight.</u>

Ignacio Gonzalez  E-26385
Ironwood State Prison
P.O. Box 2199  C4-107
Blythe, CA.  92226

CONTINUATION OF DIRECTOR'S REVIEW REQUEST:  THIS IS PAGE 2 OF 2

(c)  Continuing on page 2 of the Second Level Appeal Response, when
     interviewed by Lt. Comstock, C/O Kebrle stated that all of the inmates
     that were on the grass area from the handball court to the area of the
     punching bag were involved in the riot.  Here again Lt. Comstock
     misrepresents C/O Kebrle statement concerning this incident.  C/O
     Kebrle's statement on the CDC-837C states in part that he saw two or
     three inmates fighting on the grass area near the basketball court and
     that the fight started among the participants of the soccer game which
     was in progress before the riot erupted.  <u>I was an observer and not a
     participant of the soccer game.  C/O Kebrle clearly indicates that the
     location of the incident was the grass area near the basketball court and
     not the asphalt area of the basketball area where I am clearly placed per
     the attached schematic diagram at the time of the incident.</u>

(d)  Continuing on page 2 of the Second Level Appeal Response, it is reported
     that the incident diagram completed by C/O Hefner places me at the middle
     of the basketball court on the grass area from the handball court area,
     which puts me in the area that officers stated that everyone in that area
     were involved in the riot.  Here again, Lt. Comstock is twisting the
     facts.  The facts clearly state otherwise.  Per the attached schematic
     diagram I am identified as inmate number (11) which is positioned clearly
     on the asphalt area of the basketball court.  Officer Kebrle states that
     the fight was on the grass area near the basketball court and that the
     fight was on the grass.

(e)  Per the CDC-7219 Medical Report no injuries are reported that are
     indicative of being involved in a soccer game or riot for that matter.  I
     was medically cleared to return to custody.

(f)  I contend that there is no preponderance of evidence only what was made
     up by Lt. Comstock's biases and not an even-handed review of all the
     facts.  The SHO referenced inmate Solis and inmate Bravo in the hearing
     portion of the RVR.  This clearly violates my due process because it was
     afforded to inmates Solis and Bravo but not to me inmate Gonzalez who is
     after all the subject of this appeal.

Exhibit "B"

CDC 837 Incident Report

Staff Report of C. Kebrle

Staff Report of J. Lopez

CDC Medical Report of Injuries (7219)

CDC Incident Diagram

I/M Gonzales E16385

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDC 837-A (Rev. 09/03)

| PAGE 1 OF __22__ | INCIDENT LOG NUMBER ISP-FCY-05-05-0107 | INCIDENT DATE 05/29/05 | INCIDENT TIME 13:38 |
|---|---|---|---|

| INSTITUTION ISP | FACILITY C | FACILITY LEVEL ☐ I ☐ II ☒ III ☐ IV | INCIDENT SITE C Yard | LOCATION Soccer Field Northwest corner | ☐ ASU ☐ SHU ☐ PSU ☐ PHU ☐ SNY ☒ GP ☐ CTC ☐ RC SEG. YARD: ☐ CC ☐ WA ☐ RM | USE OF FORCE ☒ YES ☐ NO |
|---|---|---|---|---|---|---|

| SPECIFIC CRIME / INCIDENT Riot requiring the Use of Force | ☒ CCR ☐ PC ☐ NA NUMBER/SUBSECTION: 3005 (c) |
|---|---|

| D. A. REFERRAL ELIGIBLE ☐ YES ☒ NO | SERT ACTIVATED ☐ YES ☒ NO | NMT ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUEST ☐ YES ☒ NO | PIO/AA NOTIFIED ☐ YES ☒ NO |
|---|---|---|---|---|

## RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | | |
|---|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL ☐ SUICIDE | ☒ ON INMATE | ☒ BEATING | ☐ SPEARING | |
| ☐ STAFF | ☐ EXECUTION ☐ NATURAL | ☐ ON STAFF | ☐ GASSING | ☐ STABBING | |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING | |
| ☐ OTHER: | ☐ OVERDOSE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: | |
| | ☐ UNKNOWN | | ☐ SHOOTING | | |
| ☒ N/A | ☒ N/A | ☒ N/A | ☐ SLASHING | ☒ N/A | |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | |
|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | WEAPON: | WARNING # | EFFECT # | TYPE: NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | BATON ROUND: |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | ___ WOOD |
| ☐ OTHER: | ☐ FIREARM | ☐ INMATE MANUFACTURED WEAPON | ☐ 9MM | | | ___ RUBBER |
| | ☒ HANDS / FEET | | ☐ SHOTGUN | | | ___ FOAM |
| ☒ N/A | ☐ KNIFE | | LAUNCHER: | | | STINGER: |
| | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | ___ .32 (A) |
| | ☐ PROJECTILE | | ☐ L8 | | | ___ .60 (B) |
| ESCAPES | ☐ SPEAR | | ☒ 40MM | | | EXACT IMPACT: |
| | ☐ SLASHING INSTRUMENT | | ☐ 40MM MULTI | | | ___ CTS 4557 |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT | | ☐ HFWRS | | | ___ XM 1006 |
| ☐ W/O FORCE | ☐ OTHER: | | FORCE: | | | CHEMICAL: |
| ☐ ATTEMPTED | | | ☐ SIDE-HANDLE BATON | | | ☐ OC |
| | ☐ BODILY FLUID ☐ OTHER FLUID: | | ☐ PHYSICAL FORCE | | | ☒ CN  Skat-Shell |
| ☒ N/A | ☐ UNKNOWN LIQUID | | ☐ X10 | | | ☐ CS |
| | ☐ N/A | | ☐ OTHER: | | | ☐ N/A |

| CONTROLLED SUBSTANCE / WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | | |
|---|---|---|---|---|
| ☐ POSITIVE UA ☐ CONTROLLED MEDS | ☒ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER | |
| ☐ WITH PACKAGING ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT | |
| PRELIMINARY  LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST | |
| ☐ AMPHETAMINE ___  ___ | | ☐ FIRE | ☐ OTHER: | |
| ☐ BARBITURATES ___  ___ | IF YES, LIST AFFECTED PROGRAMS: | ☐ GANG/DISRUPTIVE GROUP | | |
| ☐ COCAINE ___  ___ | | ☐ HOSTAGE | | |
| ☐ CODEINE ___  ___ | Hispanic population work, recreation and visiting. | ☐ INMATE STRIKE | EXTRACTION: | |
| ☐ HEROIN ___  ___ | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED | |
| ☐ MARIJUANA/THC ___  ___ | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE | |
| ☐ METHAMPHETAMINE ___  ___ | | ☐ NATURAL DISASTER | | |
| ☐ MORPHINE ___  ___ | | ☐ PUBLIC DEMONSTRATION | | |
| ☐ OTHER: ___  ___ | ☐ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A | |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Sunday May 29, 2005 at about 1338 hours a fight broke out during a soccer game when numerous Hispanic inmates from other areas of the yard started running to the incident, striking inmates already involved in the fight requiring the Use of Less Lethal Force to stop the action.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) Dawn D. Crosby | TITLE Lieutenant | ID # 186877 | BADGE # 34320 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 6304 | DATE 05/29/05 |
| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE AOD | DATE 5/29/05 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

PAGE __2__ OF __22__

| INCIDENT LOG NUMBER |
| ISP-FCY-05-05-0107 |

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| ISP | C | 05/29/05 | 13:38 |

TYPE OF INFORMATION:

☒ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

NARRATIVE:

Specifically: During a soccer match, <u>two or three inmates</u> started fighting, this was observed by Officer H. Gaskill, 'C' Yard Officer #2, who via radio, announced to the yard observation officer to put the yard down. Officer Kebrle, C Yard Observation was watching inmates exiting Unit C-1 when he was told via radio to put the yard down. Kebrle activated the yard alarm and looking to the north end of the yard, observed what appeared to be <u>two or three</u> inmates fighting and one or <u>two inmates</u> attempting to stop the fight by pulling back and apart the inmates who were fighting. Suddenly other inmates became involved either trying to stop the fight or fighting with other inmates, then all the inmates started fighting. As staff were responding to the area of the fight several uninvolved inmates were observed running from other ares of the yard towards the area were the fight was occurring, the responding supervisor called for a Code 2 Emergency Response. Upon observing other inmates running towards the incident and the officers who were forming a skirmish line, Officer Kebrle using the 40mm loaded and fired one Skat-Shell CN Gas round at which time all inmates stopped fighting and got on the ground . As the on site Emergency Response Supervisor Sergeant Leguillow, arrived to the incident all inmates were down in a prone position. After the skirmish was supported by Facility D Emergency Responders, Sergeant Leguillow instructed staff to apply flex cuff to the wrists of the involved inmates as MTA K. Green and MTA E. Hurt made a visual inspection of involved inmates for life threatening injuries that may require immediate transport, non were found.

Staff reporting for Third Watch began escorting the non-involved inmates back to their housing units as the initial response team identified the involved inmates using a video camera and  drawing an incident diagram noted each inmates place at the end of the incident when all inmates got down into the prone position. A total of forty-six inmates were identified as actively participating in the riot.

SUSPECT(S): Huerta K54678, Arreola T88299, Monterosa T99827, Palomora T90534, Bravo P76069, Contreras T61878, Antonio T97213, Gomez v01356, Covarrubias V35409, Solis T80379, Gonzales E26385, Marusic V35191, Hernandez P41843, Formosa T73694, Castaneda K80202, Soto P87534, Guillermo T37580, Lopez J15674, Ortiz V02348, Rojas V42761, Rodriguez P91303, Machado J66862, Rodriguez P61401, Diaz P40037, Martinez P82771, Alvarado T88541, Sanchez K49627, Morales V44258, Venejas T81286, Loza P67578, Lanza K10002, Duran T84963, Cortez P37933, Oropenza P53131, Serrin P23281, Venejas J98691, DeJesus P48392, Munive K73913, Aragon P00393, Tinajero T91911, Espinoza K72804, Renteria V32743, Perez J95053, Guzman P66253, Rodriguz J09549, Garcia T47333.

USE OF FORCE: Officer C. Kebrle, C Facility Yard Observation, fired one Skat-Shell CN Gas Round utilizing the 40mm, all inmates got down in a prone position on the ground no further use of force was necessary. Due to high winds on the yard no one acknowledged or showed signs of exposure to CN gas.

ESCORTS: Officer Zamora escorted the following inmates to 'C' Facility Medical Clinic for medical evaluations; Rodriguez P61401, Venegas T81286, Ortiz V02348, Duran T84963, Morales V44258, Soto P85734, Diaz P40037, Cortez P37933, Rodriguez J09549, Solis T80379 and Castaneda K80202.Officer Lopez escorted the following inmates to 'C' Facility Medical Clinic for medical evaluations;Gomez V01356, Antonio T97213, Tinajero T91911, Servin P23281, Lanzak10002, Loza P67578, Alvarado T88541, Oropeza P53131, Martinez P82771, Renteria V32743, Gonzalez E26385 and Henandez P41843. Officer Hefner escorted the following inmates to 'C' Facility Medical Clinic for medical evaluations; Lopez J15674, Aragon P00393, Contreras T61878, Venejas J98691, Espinoza K72804 and Arreola T88299. Officer McGill escorted the following inmates to 'C' Facility Medical Clinic for medical evaluations; Dejesus P48392, Munive K73913, Bravo P76069, Rojas V42761, Perez J95053, Guzman P66253, Guillermo T37589, Marusic V35191, HuartaK54678, Covarrubias V35409, Monterosa T99827 Palomera T90534, Rodriguez P91303, Formosa T73694 and Sanchez K49627. Machado J66862 was escorted by Officer Gaskill and MTA Green to C Medical for treatment and evaluation.

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| Dawn D. Crosby | Lieutenant | 186877 | 34320 |

| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|---|
| | | 6304 | 05/29/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE | DATE |
|---|---|---|---|
| Capt J Ochoa | | Capt AOD | 5/30/05 |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT
PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

DEPARTMENT OF CORRECTIONS

| PAGE 3 OF 22 | INCIDENT LOG NUMBER ISP-FCY-05-05-0107 |
|---|---|

| INSTITUTION ISP | FACILITY C | DATE OF INCIDENT 05/29/05 | TIME OF INCIDENT 13:38 |
|---|---|---|---|

TYPE OF INFORMATION:
[X] SYNOPSIS/SUMMARY OF INCIDENT    [ ] SUPPLEMENTAL INFORMATION    [ ] AMENDED INFORMATION    [ ] CLOSURE REPORT

**NARRATIVE:**

Continuation of Synopsis

MEDICAL EVALUATIONS: Decontaminating from CN was not necessary as no exposure was noted. The 7219 for Inmate Diaz P40037, identified a scratch to the back side of the right shoulder. The 7219 for Inmate Machado J66862, identified abrasions to facial area, bruises nose and right cheek and redness to back of head and right hand. The 7219 for Inmate Garcia T47333, identified bleeding and bruising to nose, scratches and abrasion to hands, arms and knees, bruise and swelling to back of head. The 7219 for Inmate Guzman P66253, identified abrasion to left knee. The 7219 for Inmate Espinoza K72804, identified abrasion to the side of the right knee. The 7219 for Inmate Oropeza P53131, identified abrasion to right knee. The 7219 for Inmate Loza P67578, identified redness and abrasions to the back and redness to the left bicep. The remaining inmates involved in the incident were clear of any visible injuries. There were no injuries to staff or other inmates.

NOTIFICATIONS: L. Ochoa, Facility 'C' Captain/AOD and Lieutenant D. Carter, Watch Commander 3rd Watch was notified.

CONCLUSION: Forty-six Inmates will be receiving a CDC 115 for violation of CCR Section 3005(c) Participation in a Riot or Attempting to Participate in a Riot.

There was no damage to State property,  no allegations of excessive or unnecessary force and 70 hours of overtime incurred.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) Dawn D. Crosby | TITLE Lieutenant | ID # 186877 | BADGE # 34320 |
|---|---|---|---|

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) 6304 | DATE 05/29/05 |
|---|---|---|

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE Capt - AOD | DATE 5/30/05 |
|---|---|---|

DEPARTMENT OF CORRECTION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: ISP-FCY-05-05-01C

MI: C  DATE OF INCIDENT: 5-29-05  TIME OF INCIDENT: 1338

NAME: LAST: KEGRLE  FIRST: CAREY

POST #: 2704  POSITION: "C" YARD OBSERVATION  YEARS OF SERVICE: 10 YR. 8 MO.  DATE OF REPORT: 5-29-05

LOCATION OF INCIDENT: GRASS AREA NEAR BASKET

CCR SECTION / RULE: 2005 C   ☐ N

RDO's: FRI-SAT  DUTY HOURS: 0600-1400

DESCRIPTION OF CRIME / INCIDENT: RIOT

INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)

YOUR ROLE
- ☒ PRIMARY
- ☐ RESPONDER
- ☐ WITNESS
- ☐ VICTIM
- ☐ CAMERA

WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)

SHOTS FIRED BY YOU: TYPE: ___ NO: ___

| WEAPONS USED BY YOU | CHEM. TYPE: | | | NO |
|---|---|---|---|---|
| FORCE USED BY YOU | ☐ MINI-14 | ☐ OC ___ | 37 MM | 9 MM |
| ☐ WEAPON | ☐ 9 MM | ☒ CN ___ | L8    CN  1 | 38 CAL |
| ☒ PHYSICAL | ☐ 38 CAL | ☐ CS ___ | | MINI-14 |
| ☐ NONE | ☐ SHOTGUN | ☐ OTHER: ___ | 40 MM | ☐ N/A |
| FORCE OBSERVED BY YOU | ☐ 37 MM  ☐ L8 | | 40 MULTI | |
| ☐ WEAPON | ☒ 40 MM  ☐ 40 MULTI | ☐ N/A | SHOTGUN | BIO HAZARD |
| ☐ PHYSICAL | ☐ HFWRS  ☐ BATON | | | P |
| ☒ NONE | | EVIDENCE DISPOSITION | | ☐ YES |
| | | | | ☒ NO |

EVIDENCE COLLECTED BY YOU
- ☐ YES
- ☒ NO

EVIDENCE DESCRIPTION: ☒ N/A

LOCATION TREATED (HOSPITAL / CLINIC): ☒ N/A

FLUID EXPOSURE
- ☐ BODILY  ☒ N/A
- ☐ UNKNOWN
- ☐ OTHER ___

SCIF 330 COMPL
- ☐ YE
- ☒ NO

REPORTING STAFF INJURED
- ☐ YES
- ☒ NO   ☒ N/A

DESCRIPTION OF INJURY: ☒ N/A

**NARRATIVE:** ON 5-29-05 AT ABOUT 1338 HOURS WHILE PERFORMING MY DUTIES AS THE "C" YARD OBSERVATION OFFICER, I HEARD OVER THE INSTITUTI RADIO "OBSERVATION PUT THE YARD DOWN" I ACTIVATED THE "C" YAR ALARM AND STARTED ORDERING ALL INMATES ON THE YARD TO GE DOWN USING THE "C" YARD PUBLIC ADDRESS SYSTEM. LOOKING IN THE D OF THE BASKET BALL COURT, I SAW TWO OR THREE INMATES FIGHTING THE GRASS AREA NEAR THE BASKET BALL COURT. WHILE THESE INMATE FIGHTING USING THEIR FISTS AND FEET (STRIKING EACH OTHER ABOUT THE AND UPPER TORSO AREAS. I ALSO SAW ONE CASO INMATE WHO WAS TRYING TO BREAK THE FIGHT BY PULLING BACK AND APART THE INMATES WHO WERE FIG

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

TITLE: C/O  BADGE #: 49746  ID #: 186766  DATE: 5

SIGNATURE OF REPORTING STAFF

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)   DATE RECEIVED: 05-29-05

APPROVED: ☒ YES  ☐ NO   CLARIFICATION NEEDED: ☐ YES  ☒ NO   DATE: 5

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

PAGE 2 OF 2

INCIDENT LOG NUMBER
ISP-FCY-05-05-0107

| NAME: LAST | FIRST | MI |
|---|---|---|
| KEBRLE | CAREY | C |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: SPONTANEOUSLY OTHER INMATES BECAME INVOLVED EITHER TRYING
TO STOP THE FIGHT OR FIGHTING THEMSELVES. THEN, THEY ALL STARTED
FIGHTING. AT THIS TIME I DECIDED TO USE PHYSICAL FORCE TO STOP THE
ESCALATION OF THE INCIDENT. BECAUSE OF THE DISTANCE INVOLVED WHICH
I ESTIMATED TO BE ABOUT 200 FEET TO THE INCIDENT AREA, I DECIDED
TO USE A 40mm SKAT-SHELL CN GAS ROUND. USING THE 40mm I CHAM-
BERED A CN SKAT SHELL ROUND, CLOSED THE ACTION, AIMED AT THE GROUND
BENEATH THE FIGHTING INMATES AND THEN FIRED. THE PROJECTILES
LANDED AT THE AREA I HAD AIMED AT AND STARTED TO DISPERSE THE
CN GAS. RESPONDING STAFF ARRIVED AT THE INCIDENT, FORMED A
SKIRMISH LINE AND ALL THE INMATES INVOLVED BECAME PRONE ON
THE GROUND. DURING THE INCIDENT I HEARD OVER THE INSTITUTIONAL
RADIO, SERGEANT LEGUILLOW CALL A CODE TWO RESPONSE AND AT
ABOUT 1345 HOURS THE CODE TWO RESPONDERS ARRIVED AND FORMED A
SKIRMISH LINE AROUND THE INCIDENT AREA. YARD STAFF STARTED
PLACING WRIST RESTRAINTS ON THE INVOLVED INMATES AND I
WAS THEN RELIEVED AT 1355 HOURS BY THE THIRD WATCH OFFICER
FOR "C" OBSERVATION. BECAUSE OF THE QUICK SPONTANEOUS NATURE OF
THE INCIDENT I WAS NOT ABLE TO IDENTIFY WHO STARTED THE FIGHT.
HOWEVER THE FIGHT DID START AMONG THE PARTICIPANTS OF THE
SOCCER GAME WHICH WAS IN PROGRESS BEFORE THE RIOT STARTED.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 99246 | ID # 186766 | DATE 5-29-05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) M. Leguillow M. Leguillow SGT | DATE RECEIVED 05-29-05 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☒ NO | DATE 5-29-05 |

Distribution:  Original: Incident Package   Canary: Reporting Employee   Pink: Reviewing Supervisor

**STATE OF CALIFORNIA**
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

**DEPARTMENT OF CORRECTIONS**

JUL 13 2005

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: ISPFCY-05-05-0107

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Lopez | Johnny | G | 5-29-05 | 1338 hrs |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| | C-Yard #1 | 4 YR. 8 MO. | 5-29-05 | Charlie Yard |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | N/A |
|---|---|---|---|---|
| TW | 0600-1400 | Riot | 3005(c) | |

**YOUR ROLE**
- [ ] PRIMARY
- [X] RESPONDER
- [ ] WITNESS
- [ ] VICTIM
- [ ] CAMERA

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)**
c/o Gaskill, c/o Zaniroa, c/o McGill, I/m Bravo P-76069 (S), I/m Contreras T-61878 (S)
I/m Antonio T-97213 (S), I/m Gomez V-01356 (S), I/m Covarrubias V-35409 (S), I/m Gonzales E-26385, I/m Tinajero T-91911 (S)

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**
I/m Servin P-23281 (S), I/m Lanza K-10002 (S), I/m Loza P-67578 (S), I/m Alvarado T-58541 (S), I/m Oropeza P-53131
I/m Martinez P-52771 (S), I/m Renteria V-32743 (S), I/m Hernandez P-41543 (S)

**FORCE USED BY YOU**
- [ ] WEAPON
- [ ] PHYSICAL
- [X] NONE

**FORCE OBSERVED BY YOU**
- [ ] WEAPON
- [ ] PHYSICAL
- [X] NONE

**WEAPONS USED BY YOU**
- [ ] MINI-14
- [ ] 9 MM
- [ ] 38 CAL
- [ ] SHOTGUN
- [ ] 37 MM  [ ] L8
- [ ] 40 MM  [ ] 40 MULTI
- [ ] HFWRS  [ ] BATON

CHEM. TYPE:
- [ ] OC
- [ ] CN
- [ ] CS
- [ ] OTHER:
- [X] N/A

**SHOTS FIRED BY YOU**
| TYPE: | NO: | | NO: |
|---|---|---|---|
| 37 MM | | 9 MM | |
| L8 | | 38 CAL | |
| 40 MM | | MINI-14 | |
| 40 MULTI | | [X] N/A | |
| SHOTGUN | | | |

**EVIDENCE COLLECTED BY YOU**
- [ ] YES
- [X] NO

EVIDENCE DESCRIPTION: [X] N/A

EVIDENCE DISPOSITION: [X] N/A

| BIO HAZARD | PPE |
|---|---|
| [ ] YES [X] NO | [ ] YES [X] NO |

**REPORTING STAFF INJURED**
- [ ] YES
- [X] NO

DESCRIPTION OF INJURY: [X] N/A

LOCATION TREATED (HOSPITAL / CLINIC): [X] N/A

**FLUID EXPOSURE**
- [ ] BODILY [X] N/A
- [ ] UNKNOWN
- [ ] OTHER

**SCIF 3301 / 3067 COMPLETED**
- [ ] YES
- [X] NO

**NARRATIVE:**

On Sunday at approximatley 1338 hrs while working Charlie Yard #1 I was in building one delivering 101 When I heard someone over the radio tell the yard observat. to put the yard down "Fight on the Soccer yard" When I exited building one running towards the incident on the North side of the yard I saw six Inmates to my left side; Later Identified as Inmates: Bravo P-76069 Contreras T-61878, Antonio T-97213, Gomez V-01356, Covarrubias V-35409, and Gonzalez E-26385, Get up off the A Side Wall of building 2 and start running alongside of me towards the incident. While running I ordered the six

- [ ] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/o | 62068 | 186/237 | 5-29-05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| E. Olivas SGT SH | 5-29-05 | [X] YES [ ] NO | [X] YES [ ] NO | 5-29-05 |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE _2_ OF _3_

INCIDENT LOG NUMBER
ISPFcY-05-05-0107

| NAME: LAST | FIRST | MI |
|---|---|---|
| Lopez | Johnny | G |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE:

Inmates to get down and stop running. All six Inmates ignored my orders and continued to run towards the incident. Upon arriving at the incident I stopped short on the south side and joined up with a skirmishline that was already set up with officers Gaskill, Zamora, and McGill. When Code 2 responders arrived on the yard to support the skirmishline. I proceeded to flex cuff and escort Inmates: Gomez V-01356, Antonio T-97213, Tingero T-91911, Servin P-23281, Lanza K-10002, Loza P-67578, Alvarado T-88541, Oropeza P-53131, Martinez P-82771, Renteria V-32743, Gonzalez E-26385, and Hernandez P-41843 to Charlie Medical for 7219 Medical evaluation. This concludes my involvement with the incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O. | 62068 | 186.1237 | 5/29/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| E. Olivas    Sgt | 5-29-05 | [X] YES [ ] NO | [X] YES [ ] NO | 5-29-05 |

Distribution: Original: Incident Package    Canary: Reporting Employee    Pink: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

JUL 13 2005    DEPARTMENT OF CORRECTIONS

PAGE _3_ OF _3_

INCIDENT LOG NUMBER
ISPFcy-05-05-0107

NAME: LAST _Lopez_    FIRST _Johnny_    MI _G_

TYPE OF INFORMATION:

☐ CONTINUATION OF REPORT    ☑ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

(1) How were Inmates assisted to their feet After being placed in flex cuffs.?

(1) Ans: I assisted all Inmates in flex cuffs to their feet by placing my right hand under their left arm and helped them stand up to their feet.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

SIGNATURE OF REPORTING STAFF    TITLE _C/o_    BADGE # _62068_    ID # _1861237_    DATE _5/29/05_

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED _5-29-05_    APPROVED ☑ YES ☐ NO    CLARIFICATION NEEDED ☐ YES ☑ NO    DATE _5-29-05_

Distribution:   Original: Incident Package   Canary: Reporting Employee   Pink: Reviewing Supervisor

STATE OF CALIFORNIA

CRIME / INCIDENT REPORT
PART B2- STAFF
CDC 837-B2 (09/03)

DEPARTMENT OF CORRECTIONS

JUL 13 2005
ISP APPEALS

PAGE __22__ OF __22__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| ISP | C | ISP-FCY-05-05-0107 |

## STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Lopez | Johnny | G | Correctional Officer | M | Hispanic | T/W |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 62068 | 1861237 | 2767 | C Yd #1 |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | ☒ N/A | | | |
| ☐ VICTIM | | | | |

| | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☒ N/A | ☐ YES  ☐ NO | ☐ YES  ☒ NO |
| ☐ REFUSED TREATMENT | | TYPE: | |
| ☐ DECEASED DATE: ___ ☒ N/A | | | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Mixon | Franklin | D | Correctional Officer | M | Black | F/S |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 48080 | 186566 | 2836 | D3 Floor #2 |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | ☒ N/A | | | |
| ☐ VICTIM | | | | |

| | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☒ N/A | ☐ YES  ☒ NO | ☒ YES  ☒ NO |
| ☐ REFUSED TREATMENT | | TYPE: | |
| ☐ DECEASED DATE: ___ ☒ N/A | | | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| McGill | James | M | Correctional Officer | M | Black | W/T |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 62096 | 1861236 | 2780 | C S&E #1 |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | ☒ N/A | | | |
| ☐ VICTIM | | | | |

| | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☒ N/A | ☐ YES  ☒ NO | ☐ YES  ☒ NO |
| ☐ REFUSED TREATMENT | | TYPE: | |
| ☐ DECEASED DATE: ___ ☒ N/A | | | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Hurt | Elizabeth | A | Medical Technical Assist | F | White | W/T |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☒ CAMERA | 63828 | 1861583 | 225009 | Facility D MTA |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | ☒ N/A | | | |
| ☐ VICTIM | | | | |

| | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☒ N/A | ☐ YES  ☒ NO | ☐ YES  ☒ NO |
| ☐ REFUSED TREATMENT | | TYPE: | |
| ☐ DECEASED DATE: ___ ☒ N/A | | | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Hefner | Karrie | L | Correctional Officer | F | White | F/S |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 53953 | 1861109 | 2782 | C S&E #2 |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | ☒ N/A | | | |
| ☐ VICTIM | | | | |

| | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | ☒ N/A | ☐ YES  ☒ NO | ☐ YES  ☒ NO |
| ☐ REFUSED TREATMENT | | TYPE: | |
| ☐ DECEASED DATE: ___ ☒ N/A | | | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

JUL 13 2005

Liter
Desk

| NAME OF INSTITUTION ISP | FACILITY/UNIT Canard | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | DATE 5/29/05 |
|---|---|---|---|---|---|
| | | USE OF FORCE   INJURY   UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | | |

| THIS SECTION FOR INMATE ONLY | NAME LAST Gonzalez, | FIRST Ignacio | CDC NUMBER F-43363 1-4/1/2 | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME LAST | FIRST | BADGE # F 36355 | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME LAST | FIRST | MIDDLE | DOB | OCCUPATION |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE Canard | DATE/TIME OF OCCURRENCE 5/29/05  1327 | NAME OF WITNESS(ES) |
|---|---|---|

| TIME NOTIFIED 1327 | TIME SEEN 1535 | ESCORTED BY C/o thomat | MODE OF ARRIVAL *(circle)* LITTER   WHEELCHAIR AMBULATORY   ON SITE | AGE 44 | RACE H | SEX M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"None"

| INJURIES FOUND?   YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|

TIME/DISPOSITION

| 1535  release to custody | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) T. Ortiz LVN | BADGE # 19104 | RDOs 1H-7 |
|---|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDC 7219 (Rev. 11/02)   DISTRIBUTION:  ORIGINAL - UHR   CANARY - CUSTODY   PINK - HEALTH AND SAFETY/RTW COORDINATOR



■ LIGHT POLE   ○ — SOCCER. NET

Ironwood State Prison
'C' Facility
INCIDENT DIAGRAM

| | (Name) | (CDC#) | | (Name) | (CDC#) |
|---|---|---|---|---|---|
| 1. | Huerta | K54478 | 26. | Alvarado | T88541 |
| 2. | Arreola | T88259 | 27. | Sanchez | K44627 |
| 3. | Monterosa | T94827 | 28. | Morales | V44258 |
| 4. | Palomoba | T60531 | 29. | Venegas | T8128 |
| 5. | Bravo | P76009 | 30. | Loza | P61578 |
| 6. | Contreras | T61878 | 31. | Cariza | K10002 |
| 7. | Antonio | T97123 | 32. | Duran | T849G3 |
| 8. | Gomez | Y01354 | 33. | Cortez | P37933 |
| 9. | Covarubias | V354093 | 34. | Ororpeza | PS3131 |
| 10. | Sous | 180379 | 35. | Scivin | P8281 |
| 11. | Gonzales | E26385 | 36. | Velocias | J48661 |
| 12. | Marusic | Y35141 | 37. | Dc Jesus | P48892 |
| 13. | Hernandez | P41843 | 38. | Munive | K73413 |
| 14. | Formosa | T73694 | 39. | Avalon | P00363 |
| 15. | Castaneda | K90002 | 40. | Tinajera | T91911 |
| 16. | Soto | P81534 | 41. | Espinoza | K12864 |
| 17. | Guillermo | T37680 | 42. | Icanteria | V32743 |
| 18. | Lopez | J15694 | 43. | Perez | J95053 |
| 19. | Ortiz | Y02348 | 44. | Guzman | P66253 |
| 20. | Rojas | Y42761 | 45. | Rodriguez | J04549 |
| 21. | Rodriguez | P41303 | 46. | Garcia | T47333 |
| 22. | Machado | J66862 | 47. | | |
| 23. | Rodriguez | P41401 | 48. | | |
| 24. | Diaz | P60037 | 49. | | |
| 25. | Martinez | P82771 | 50. | | |

c/o K. Hefner      Date: 5.29.05

Exhibit "C"

Second Level Appeal Response to

Log # ISP-05-00794

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT OPERATIONS**
**IRONWOOD STATE PRISON**
P.O. Box 2229
Blythe, CA 92226



AUG 3 0 2005

Appellant: GONZALES
CDC #: E26385
Housing: C4-107
Ironwood State Prison
P.O. Box 2199
Blythe, CA  92226

Dear Mr. GONZALES:

**SECOND LEVEL APPEAL RESPONSE TO LOG #ISP-C-05-00794**

**SUMMARY OF APPEAL**
You are appealing the issue of a Serious Rules Violation Report (RVR), Log #C05-06-0061, dated May 29, 2005, in which you were charged with violating CCR Section 3005(a), for the specific act of "conduct which could lead to violence".

You allege the guilty verdict you received for the CDC 115 RVR is a violation of your "due process rights", as the evidence submitted and considered does not substantiate the charge.  You state that any investigation into misconduct must consist of an even-handed review of all of the facts.  On the CDC 115 RVR part C page 2, Correctional Lieutenant D. Pinson stated that he spoke slowly and used simple verbiage when he explained the charges and process to Inmate Solis.  Lieutenant Pinson did not explain the charges and process to you, as you are Inmate Gonzales.  You also state that you were watching the soccer game and when the incident started you got down.  You allege that you were nowhere near housing unit C2 at the time of the incident and that with all that was going on at that time, it is possible that Correctional Officer J. Lopez mistakenly identified you as one of the inmates running from C2 to the incident.  That the SHO refers to the reporting employee as a "she" three (3) different times in the findings, when in fact the reporting employee is a male.  Further, you state that Officer C. Kebrle states in his report that the inmates fighting were on the grass near the basketball court and that the incident diagram places you on the outer edge of the of the asphalt area of the basket ball court and not on the grass. Additionally, you note that the CDC 7219 Medical Report indicates that you had no injuries.  You also state that the SHO states, "Bravo's actions could have escalated the incident" and that you are not Inmate Bravo or Inmate Solis,  that your name is Gonzales.  You further state that your actions to not vacate the area were due to you following staff's directions to "get down" which is what you did.

You are requesting that the CDC 115 RVR you received be dismissed and all documentation relating to this 115 be purged from your "C" file.

Appellant: Gonzales
CDC #: E-26385
Log #: ISP-C-05-00794
Page 2 of 3

## SUMMARY OF INQUIRY

A thorough inquiry has been conducted for the purpose of this response.

Lieutenant E. Comstock interviewed you on August 14, 2005, for the purpose of the Second Level Response. In addition, your appeal, its attachments, your Central File and the pertinent statutes and regulations were reviewed. It is noted that you **are NOT** a participant in the Mental Health Services Delivery System at the CCCMS/EOP/MHCB level of care ant that you **are NOT** on the list of inmates with a Test of Adult Basic Education (TABE) reading score of 4.0 or below.

During your interview with Lieutenant Comstock, you stated you did not participate in the riot. Further, the medical evaluation that was completed on you is clear, that there are no cuts, scratches or abrasions shown. You also state that all of the reports state that the riot occurred on the grass area and that you were not on the grass. When the observation officer ordered everyone to get down, you state you got down on the ground in the prone position as ordered. You further stated that no staff stated in their reports that you were involved in the riot.

Lieutenant Comstock interviewed Correctional Officer J. Lopez concerning this incident and he stated that he responded to the alarm and upon reaching the area where the riot had occurred he proceeded to place restraints (flex-cuffs) on the inmates involved and escort them to the facility medical clinic. He stated that he did place flex-cuffs on Inmate Gonzales who was on the grass area by the middle of the basketball court.

Review of the RVR reflects that Officer Lopez clearly identified you as running to the area of the fight and that you refused to get down and continued to run toward the fight.

Lieutenant Comstock interviewed Correctional Officer Kebrle concerning this incident, and he stated that all of the inmates that were on the grass area from the handball court to the area of the punching bag were involved in the riot.

Review of the "incident diagram" completed by Correctional Officer K. Hefner shows that you were at the middle of the basketball court on the grass, which puts you in the area that the officers stated that everyone in that area were involved in the riot.

It is noted that the SHO incorrectly referenced Inmate Solis and Inmate Bravo in the hearing portion of the RVR; however the SHO's finding of guilt is appropriately based on the preponderance of evidence. There have been no due process violations.

Appellant: Gonzales
CDC #: E-26385
Log #: ISP-C-05-00794
Page 3 of 3

## APPEAL RESPONSE
For the reason(s) cited above, your appeal is **DENIED at the Second Level of Review.**

If you are dissatisfied with the Second Level of Response, complete Section H of the CDC 602 and forward for Director's Level Review.

Sincerely,

A. SCOTT-BARRON, CCII
Inmate Appeals Coordinator

FRED HECTOR
Chief Deputy Warden (A)

Exhibit "D"

Director's Level Appeal Decision

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    **MAR 0 8 2006**

In re:    Gonzalez, E-26385
Ironwood State Prison
P.O. Box 2229
Blythe, CA 92226

IAB Case No.: 0506416          Local Log No.: ISP 05-00793

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Burleson. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C05-06-0061, dated May 29, 2005, for Conduct Which Could Lead to Violence. It is the appellant's position that the evidence considered in reaching a finding does not substantiate the charge. The appellant cites specific items such as using other inmate's names where his should have been used, and referring to the Reporting Employee (RE) as a female, when in fact the RE was male. The appellant claims he did not vacate the area of the incident as he obeyed the direct orders of staff to get down. He feels that the schematic of the incident corroborates his claim that he was just watching the soccer game. He further asserts that his CDC Form 7219, Medical Report of Injury or Unusual Occurrence further supports his position as he received no injuries. The appellant requests that the RVR be dismissed and all documentation relating to it purged from his central file.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the RVR reflects that Correctional Officer (CO) Lopez clearly identified the appellant as running to the area of the fight and that he refused to get down and continued to run toward the fight. Review of the incident diagram shows the appellant at the middle of the basketball court on the grass. CO Kebrle stated upon interview that all inmates that were on the grass area from the handball court to the area of the punching bag were involved in the riot. The appellant's location was among those involved in the riot. It was noted that the Senior Hearing Officer (SHO) incorrectly referenced Inmate Solis and Inmate Bravo in the hearing portion of the RVR; however, the SHO's finding of guilt is appropriately based upon the preponderance of evidence. There have been no due process violations.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A. FINDINGS:** The appeals process is not a rehearing of the RVR and is only a review of the time constraints and due process to ensure that the appellant's rights were upheld during the disciplinary proceedings. The appellant was issued his RVR copy, supplemental reports and the CDC 837 on June 13, 2005, within 15 days of the incident and the RVR was adjudicated within 30 days of the RVR being issued. The appellant was appropriately not assigned a Staff Assistant or Investigative Employee as he did not meet the criteria. He did not request witnesses to be present at his hearing. The appellant was provided appropriate due process and administrative protections in the adjudication of the RVR, and the finding and disposition are consistent with regulations. No relief is warranted at the Director's Level of Review.

    **B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3005, 3270, 3315, 3320, 3323

    **C. ORDER:** No changes or modifications are required by the institution.

GONZALEZ, E-26385
CASE NO. 0506416
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, ISP
       Appeals Coordinator, ISP

EXHIBIT
"E"

Deniel by Riverside Superior Court

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE





FILED
SUPERIOR/MUNICIPAL COURT
OF RIVERSIDE COUNTY

APR 25 2006

R. Moreno
Deputy

PGG

APR 27 2006

IN THE MATTER OF THE
PETITION OF:

CASE NO. INC058258

IGNACIO GONZALEZ

ORDER RE:
PETITION FOR
WRIT OF HABEAS CORPUS

VS.

D OLLISON

FOR A WRIT OF HABEAS CORPUS

The Court having read and considered the Petition for Writ of Habeas Corpus filed
04/25/06 , hereby orders the following:

( ) 1. Pursuant to California Rule of Court 4.551, the petition is denied for the following:

   (A)__✓__ Petitioner has failed to allege sufficient facts to established a prima facie
   case for petitioner's release. (The allegations are vague and conclusionsary).
   *relief*

   (B)___ Petitioner has failed to exhaust his/her administrative remedies.

   (C)___ The facts alleged in support of the petition have been previously
   considered and the earlier petition was denied on_____.

   (D)___ The circumstances described in support of the petition have changed,
   thereby rendering the petition moot.

   (E)__✓__ Other: *CDC's disciplinary action was valid,*
   *supported by the evidence and did not violate petitioner's due process rights*

( ) 2. The Attorney General/District Attorney is ordered to show cause why the petition
   should not be granted and shall file a return with 30 days of service of this
   order.

( · ) 3. The court, having considered the petition, return, denial, declarations and matters of judicial notice, finds there is a reasonable likelihood that petitioner may be entitled to relief and the interest of justice require petitioner's presence at the hearing.

> Matter set for (evidentiary hearing) (oral argument) on _____ at _____ am/pm in Department _____ .

( ) 4. The petition is granted and a Writ of Habeas Corpus shall issue with the following specific relief:

_____

_____

( ) 5. After considering the petition, return (denial) (evidence presented at the hearing), the petition is denied for the following reason(s) :

_____

_____

( ) 6. The petition makes a prima facie showing concerning questions arising before or during the trial or sentencing of petitioner and this court deems the showing to be of sufficient substance to suggest consideration by the sentencing court.  Griggs v. Superior Court (1976)  16 Cal 3d 341.

( ) 7. The petition is transferred to the Superior Court of California, County of _____ which rendered judgment against the petitioner for consideration and disposition by that court.


Date: 4 -25-06 _____

_____
JUDGE OF THE SUPERIOR COURT

## CLERK'S CERTIFICATE OF MAILING

I, Clerk of the Superior Court, County of Riverside, do hereby certify I am not a party to the above action: On _4-26-06_, I served a copy of the foregoing Order by depositing said copy in a sealed envelope with prepaid postage, in the mail at _Indio_, California addressed as indicated.

Date: _4-26-06_               Deputy Clerk: _R. Nazari_

[ ]    ATTORNEY GENERAL
       P O BOX 85266
       SAN DIEGO, CA  92186

[X]    DISTRICT ATTORNEY
       46-209 OASIS STREET
       INDIO, CA  92201

[ ]    DISTRICT ATTORNEY
       4075 MAIN STREET
       RIVERSIDE, CA 92501

[ ]    DISTRICT ATTORNEY
       30755-D AULD ROAD
       MURRIETA, CA  92563

**From:**       Enedina Diener
**To:**          Reyna, Lety
**Date:**        1/18/2007 7:42:30 AM
**Subject:**    Re: TRO's

Laura has directed us to not image these and to route them immediately.

>>> Lety Reyna 01/17/07 2:46 PM >>>
I was approach by Lindsay this pm asking if we needed to image a TRO before we sent them up and I advised he the last I had heard all get image before we route up. She then came back advising Clarita remembers you advising all last week not to image and immediately route. We simply want to make sure this is correct since Rhonda is not in to ask, so e I can get this confirm I would greatly appreciated.\

Thank you.


**CC:**         Mazari, Rosa

EXHIBIT

"F"

Letter to Court Clerk
and
Answer From Court Clerk

01-04-07


Court Clerk
For the Honorable
Charles E. Stafford
Superior Court Judge / Dept. 3T
Superior Court of California
County of Riverside / Indio Court
46-200 Oasis St.
Indio, CA. 92201



Mr. Ignacio Gonzales
E-26385 / C4-121U
P.O. Box 2199
Ironwood State Prison
19005 Wiley's Well Road
Blythe, CA. 92226


   re:  Habeas Corpus Petition - Case No:  INC 058258


   Dear Court Clerk,

   This is the second letter that I have written wherein I have requested
the status of my petition for a writ of habeas corpus which I filed with
this Court on 04-25-06. (See Attachment)

   The petition was assigned to the Honorable Judge Charles E. Stafford
in Department 3T. (See Attachment).

   It has been almost a year since I filed it and it is most urgent that
I know the status of said petition because I will be going before the
Board again soon and this petition will be pertinent to said hearing.

   Thank you in advance for your time and consideration in this most
urgent matter.



                    Sincerely,



              Mr. Ignacio Gonzales

09-24-06


Court Clerk
Riverside County Superior Court - Indio
46-200 Oasis St.
Indio, CA. 92201



Mr. Ignacio Gonzales
E-26385 / C4-121U
Ironwood State Prison
P.O. Box 2199
Blythe, CA. 92226


   Re:  Habeas Corpus - Case No:  INC 058258



   Dear Court Clerk,

   I am writing this letter to you to inquire as to the Status of said petition.  The petition was filed on 04-25-06, and was assigned to the Honorable Judge Charles E. Stafford in Department 3T for all purposes.

   However, to date I have heard nothing in regards to my petition. Please advise me of the status of my petition.

   Thank you in advance for your time and consideration in this most urgent matter.


            Sincerely,

         Ignacioo Gonzales

Name  Ignacio Gonzalez

Address  Ironwood State Prison

_____19005 Wiley's Well Road_____

_____Blythe, CA. 92226_____

CDC or ID Number  E-26385

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 21 2006

Fleming̅m̅

---

RIVERSIDE COUNTY SUPERIOR COURT

FOR THE STATE OF CALIFORNIA
(Court)

| |
|---|
| IGNACIO GONZALEZ |
| **Petitioner** |
| vs. |
| D. OLLISON, Warden (A) |
| **Respondent** |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. **INC  058258**
(To be supplied by the Clerk of the Court)

* EVIDENTIARY HEARING REQUESTED *

---

## INSTRUCTIONS –– READ CAREFULLY

◆ Read the entire form *before* answering any questions.

◆ This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

◆ Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

◆ If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

◆ If you are filing this petition in the Court of Appeal, file the original and four copies.

◆ If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

◆ Notify the Clerk of the Court in writing if you change your address after filing your petition.

◆ In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under Rules 56.5 and 201(f)(1) of the California Rules of Court [as adopted effective January 1, 1992]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1992]

CEB

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
[X] Indio Court        [ ] Blythe Court
46-200 Oasis St.       265 N. Broadway
Indio, CA 92201        Blythe, Ca 92225

PLAINTIFF: Gonzalez

          VS                    CASE NO:  INC 058258

DEFENDANT: D. Collins, Warden

TO:


NOTICE AND ORDER OF ASSIGNMENT TO DEPARTMENT FOR ALL PURPOSES


The above entitled case has been ASSIGNED to the HONORABLE
JUDGE Charles E. Stafford in Department 3T FOR ALL PURPOSES.

All matters, whether currently set for hearing or not, including
but not limited to Fast Track hearings, Law & Motion,
Settlement Conferences and Trials are hereby transferred to,
and shall be heard by the assigned Judge until further order
of the Court.

Any challenge pursuant to Section 170.6 of the Civil Code of
Procedure shall be made within twenty (20) days (15 days
pursuant to 68616(I) GC plus 5 days pursuant to 1013(a) CCP)
from the date of this notice of assignment, or if the party has
not yet appeared, then within fifteen (15) days after the party's
first appearance.

Failure to file such notice within ten (10) days shall be deemed
acceptance of the assignment.

THE COMPLAINING PARTY IS ORDERED TO SERVE A COPY OF THIS
NOTICE ON ALL NEW PARTIES HE OR SHE SERVES AFTER THE DATE
ON THIS NOTICE.


04/25/06        HONORABLE SHARON J. WATERS, PRESIDING JUDGE

I, Clerk of the Superior Court of the State of California,
County of Riverside, certify I am not a party to the above action,
that on this date, I served a copy of the foregoing NOTICE by
depositing said copy in a sealed envelope with prepaid postage,
in the mail at Indio, California, addressed as indicated.


Dated: 04/25/06         By _____
                           BARRY REMINGTON, Deputy Clerk


NTH

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF RIVERSIDE**
**Civil/Small Claims Divisions**

## NOTICE OF REJECTION

To expedite filing, please return form with corrections
to the address listed below

| | |
|---|---|
| [ ]  **BANNING** 135 N. Alessandro Road, Banning, CA 92220 | [ ]  **MORENO VALLEY** 13800 Heacock Ave., D201, Moreno Valley, CA 92553-3338 |
| [ ]  **BLYTHE** 265 North Broadway, Blythe, CA 92225 | [ ]  **MURRIETA** 30755-D Auld Road, Murrieta, CA 92563 |
| [ ]  **CORONA** 505 S. Buena Vista, Corona, CA 92282 | [ ]  **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| [ ]  **HEMET** 880 N. State St., Hemet, CA 92543 | [ ]  **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| [X]  **INDIO** 46-200 Oasis St., Indio, CA 92201 | [ ]  **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 |

---

**REGARDING CASE NUMBER:** INC 058258

The Court is unable to process the enclosed document(s) for the reason(s) indicated below:

[ ] Incorrect court.  [ ] Federal  [ ] Bankruptcy  [ ] Other: _____

[ ] Incorrect form (Correct form attached)

[ ] Incomplete form (See where checked in red)

[ ] Document(s) do not comply with Rule 201 of the California Rules of Court (Rule 201 attached)

[ ] Document(s) submitted untimely.  Reason:_____

[ ] Substitution of Attorney required (CCP 284).  Attorney of Record is _____

[ ] Fee in the amount of $ _____ is required.

[ ] Signature and/or verification required.

[ ] Answer filed on _____ . (see attached copy)

[ ] Proof of Service of Statement of Damages is required.  (CCP 425.11)

[X] Other: PLEAE BE ADVISED YOUR MAIL WAS PREVIOUSLY RETURNED--ENCLOSED IS A COPY
OF YOUR DENIED ORDER RE PETITION FOR WRIT OF HABEAS CORPUS.

Clerk of the Court

by: _____
   REYNA, CSA

Date: 1/18/2007 _____

RI-042

Exhibit

"G"

Response From
Court of Appeal
Foorth District

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**

FILED
FEB 2 1 2007
COURT OF APPEAL FOURTH DISTRICT

In re

IGNACIO GONZALEZ

on Habeas Corpus.

E042300

(Super.Ct.No. INC58258)

The County of Riverside

THE COURT

The petition for writ of habeas corpus is DENIED.



MILLER
Acting P.J.

cc:    See attached list

COPY

S152939

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re IGNACIO GONZALES on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JUN 2 0 2007

Frederick K. Ohlrich Clerk

DEPUTY

---

GEORGE

Chief Justice

## PROOF OF SERVICE

I hereby declare that I am over the age of 18 years of age, a resident of the State of California and a party to the within cause of action.   That on this date I did cause a true and correct copy of habeas Corpus/Violation of Due Process to be served on the parties to the action by:

___X___      depositing same in the U.S. Mail with first class postage prepaid and addressed as follows:

_____      delivering same in person to the address as follows and placing into the control of the below listed party or their representative:

4 Original     Southern District of California
2 Copies    to:    San Diego
                 880 Front St # 4290
                 San Diego Ca. 92101-8900

1-Copy to: Attorney General /San Diego Office
      110 W. "A" Street
         San Diego Ca.
            92186-5266

EXECUTED THIS __15__ DAY OF __November__, 2007, UNDER PENALTY OF PERJURY
IN __Ironwood State Prison, Blythe__, CALIFORNIA.

_Ignacio Gonzalez_
Declarant

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Ignacio Gonzales

**DEFENDANTS**

2254    1983

FILING FEE PAID

Yes     No

IFP MOTION FILED

Yes     No

COPIES SENT TO

Court     Pro Se

FILED
NOV 19 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Riverside
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ignacio Gonzales
PO Box 2199
Blythe, CA 92226
E-26385

**ATTORNEYS (IF KNOWN)**

'07 CV 2214     LAB AJB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE     Docket Number

DATE   11/19/2007     SIGNATURE OF ATTORNEY OF RECORD